UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL W. J. HAWN,<br><br>              Plaintiff,<br>   v.<br><br>MCCANN, Sergeant,<br><br>             Defendant. | CASE NO. 3:24-cv-05310-TL<br><br>ORDER ON MOTION FOR APPOINTMENT OF COUNSEL |

This matter is before the Court on Plaintiff's "Application for Court-Appointed Counsel" ("Motion"). Dkt. No 33. Having reviewed the motion and the relevant record, the court DENIES the motion without prejudice.

Plaintiff indicated a desire for court-appointed counsel because he "would like to settle this matter but do[es] not have the means to communicate with the defendants." *Id.* at 4. While the Court recognizes the challenges faced by *pro se* litigants in preparing a case without legal counsel and acknowledges Plaintiff's situation, "[g]enerally, a person has no right to counsel in

ORDER ON MOTION FOR APPOINTMENT OF COUNSEL - 1

civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel).

Pursuant to 28 U.S.C. § 1915(e)(1), however, a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer*, 560 F.3d at 970. Exceptional circumstances exist where (1) a *pro se* plaintiff establishes a likelihood of success on the merits, and (2) the complexity of the legal issues involved would impede the *pro se* litigant's ability to present the case. *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, the Court need not consider the likelihood of success on the merits, because it is clear that these legal issues are not complex. On June 11, 2025, the Court adopted the Report and Recommendation of Judge Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 29), and accordingly dismissed most of the claims and defendants in this action. Dkt. No. 32. Plaintiff's only remaining claim is a First Amendment claim, asserted against Defendant McCann, for alleged mishandling of Plaintiff's legal mail. *See* Dkt. No. 29 at 15. Furthermore, despite the concern expressed by Plaintiff in his Motion, it appears he has since been able to communicate with Defendant's counsel by telephone. *See* Dkt. No. 34 (Defendant's Filing Regarding Trial Availability) at 1.

Considering that the case is not complex, there is no right to appointed counsel, and Plaintiff and Defendant have both indicated a willingness to explore settlement, *see id.*, the Court does not find good cause to seek appointed counsel for Plaintiff at this time. Instead, and given the very limited alleged violation at issue, the Court encourages the parties to meet and confer regarding settlement and to inform the Court if it appears a settlement conference with a magistrate judge would be helpful.

If the parties are unable to reach a settlement agreement, Plaintiff may file another motion for appointment of counsel as appropriate.

Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to appoint counsel (Dkt. No. 33).

In addition, the Court DIRECTS the Clerk to rename this case *Hawn v. McCann* and remove from the docket those Defendants terminated by the Court's prior order (Dkt. No. 32).

Dated this 3rd day of July, 2025.

Tana Lin
United States District Judge